# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THURSTON MANUFACTURING COMPANY and CIRCLE R, INC., | ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV337 |
| vs. | ) ) | ORDER |
| KEVIN ROGERS, RALPH ROGERS, CIRCLE R FRAME ALIGNERS, INC., and ASSOCIATED SIDE DUMP DEVELOPMENT, INC. d/b/a SIDE DUMP INDUSTRIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Establish Deadline for Filing Opposition Papers (Filing No. 28).[1] The plaintiffs filed a brief (Filing No. 29) opposing the motion.

The plaintiffs filed the instant action on July 31, 2008. **See** Filing No. 1. On the same date, the plaintiffs filed their motion for preliminary injunction. **See** Filing No. 5. With the motion, the plaintiffs filed a brief and evidence in support of the motion. **See** Filing No. 6. The certificate of service states the motion "will be served upon [the defendants] via hand delivery." **See** Filing No. 7. On August 20, 2008, the plaintiffs filed a "Reply Brief in Support of Motion for Preliminary Injunction" (Filing No. 17) "in continued support of the Motion." On that same date, the plaintiffs filed additional evidence. **See** Filing No. 18. The evidence contains information that two of the defendants, Kevin Rogers (Exhibit 1(A)) and Circle R Frame Aligners, Inc. (Exhibit 1(B)) were served "with Plaintiffs' moving papers" on August 5, 2008. **See** Filing No. 18-2 Zidones Aff. On August 21, 2008, the defendants

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

Ralph Rogers and Associated Side Dump Development filed a motion for an extension of time to answer the complaint.  **See** Filing No. 20.  On August 22, 2008, the defendants Kevin Rogers and Circle R Frame Aligners, Inc. filed a motion for an extension of time to answer the complaint.  **See** Filing No. 21.  The court granted all four defendants the requested extension of time until September 23, 2008, to file answers or otherwise respond to the plaintiffs' complaint.  **See** Filing No. 22.  On August 25, 2008, the plaintiffs filed an additional brief and evidence in support of their motion for preliminary injunction.  **See** Filing Nos. 23, 24 and 25.

On August 29, 2008, counsel entered an appearance for the defendants, who had previously appeared *pro se*, and moved the court to set a specific date for their response to the motion for preliminary injunction.  **See** Filing Nos. 27 and 28.  Specifically, the defendants request September 23, 2008, as their response date.  The defendants state legal counsel had just been engaged for this case.  Additionally, the defendants contend the plaintiffs will not be prejudiced by the extension, however the defendants would suffer severe prejudice without an extension.

On September 2, 2008, the plaintiffs opposed the defendants' motion.  **See** Filing No. 29.  The plaintiffs argue the defendants have not shown good cause for an extension.  Additionally, the plaintiffs state the defendants were in a position to timely respond to the motion "in the time allotted" and there is no reason to excuse the delay.  *Id.*  In the alternative, the plaintiffs request (a) the defendants be precluded from contesting the factual allegations in the motion for preliminary injunction, pursuant to NECivR 7.1(b)(1)(C); and (b) the plaintiffs be allowed to file a reply brief, pursuant to NECivR 7.1(c).

Under the local rules:

> A brief opposing a motion to dismiss or for summary judgment must be filed and served no later than twenty (20) calendar days after the motion and supporting brief are filed and served. A brief opposing any other motion must be filed and served no later than ten (10) business days after the motion and supporting brief are filed and served.

NECivR 7.1(b)(1)(B).

On the evidence before the court, the earliest the plaintiffs' motion for preliminary injunction was served on any of the defendants was August 5, 2008. However, the plaintiffs continued to file briefs and evidence in support of the motion until August 25, 2008.[2] Accordingly, the defendants would have until ten business days after the plaintiffs' last filed brief and evidence to file their response. Pursuant to the local and federal rules regarding computation of time, the defendants would have until September 12, 2008, to respond to the plaintiffs' motion for preliminary injunction. **See** Fed. R. Civ. P 6; NECivR 6.1(b) and (c). The defendants sought the seven business-day extension of time before the original expiration of their deadline. Under the circumstances, the court finds the defendants have shown good cause for the short extension of time to respond to the motion for preliminary injunction. The plaintiffs' request to preclude the defendants from responding to factual allegations is denied. The plaintiffs will have standard time to file a reply. Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Establish Deadline for Filing Opposition Papers (Filing No. 28) is granted.

2. The defendants shall have to **on or before September 23, 2008**, to file a response to the plaintiffs' Motion for Preliminary Injunction (Filing No. 5).

DATED this 3rd day of September, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[2]The plaintiffs' additional briefs and evidence were filed without leave of court in contravention to the Nebraska Civil Rules. **See** NECivR 7.1(c).