

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CIRCLE R, INC. and THURSTON MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN ROGERS, individually, RALPH ROGERS, individually, CIRCLE R FRAME ALIGNERS, INC. and ASSOCIATED SIDE DUMP DEVELOPMENT, INC. d/b/a SIDE DUMP INDUSTRIES,<br><br>Defendants. | No. CV: 8:08-CV-00337<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

COME NOW, Plaintiffs Circle R, Inc. and Thurston Manufacturing Company ("Plaintiffs'") and Defendants Kevin Rogers, Ralph Rogers, Circle R Frame Aligners, Inc. and Associated Side Dump Development, Inc. d/b/a Side Dump Industries ("Defendants"), pursuant to Rule 26(c) and Rule 29 of the Federal Rules of Civil Procedure, and hereby stipulate and agree, and request an Order of this Court, to the following Protective Order ("Stipulation for Protective Order"):

1. Plaintiffs and Defendants stipulate and agree that (i) certain documents, information and things which will be produced during discovery, or produced pursuant to a subpoena duces tecum or otherwise, (ii) evidence which will be adduced prior to or at the time of trial and portions of testimony to be taken (whether at deposition, hearing or trial), (iii) pleadings, affidavits, briefs, motions, transcripts and other writings which may be filed, and

(iv) various other matters which include, but are not limited to, information which any party may deem confidential, contain trade secrets or include information sensitive to the parties' business and/or affairs and shall be entitled to protection against disclosure pursuant to this Stipulation for Protective Order.

2.  Plaintiffs and Defendants stipulate and agree that certain documents, information or things which will be produced during discovery or otherwise contain sensitive and private marketing, business or other proprietary information, the disclosure of which to the other party could give that party a competitive, business or other advantage, or which could be otherwise detrimental to the business interests of the producing party. Accordingly, Plaintiffs and Defendants stipulate and agree that such information or documents may be designated by the party producing such information or documents as "Attorneys' Eyes Only" and shall be disclosed only to counsel to the other party (and any employees of counsel, consultants and expert witnesses assisting in this litigation), and shall not be disclosed to the other party or its directors, officers, employees, agents or representatives.

3.  This Stipulation for Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not privileged or confidential as defined in Paragraph 1 or Paragraph 2 of this Stipulation for Protective Order; (ii) to seek a further Protective Order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Stipulation for Protective Order on any ground. During the pendency of any challenge to the applicability of this Stipulation for Protective Order

to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Stipulation for Protective Order.

4. If a party determines that a document or thing of any description to be furnished or to be produced or made a part of any pleadings or their papers to be filed, or any briefs, testimony, affidavits and/or evidence to be offered contains or may contain information which that party believes to be proprietary or confidential pursuant to Paragraph 1 of this Stipulation for Protective Order, the party requesting protection shall designate such document, pleading, brief, testimony, affidavit and/or evidence as "Confidential" in the following manner:

(a) In the case of confidential documents and written materials other than those described in Paragraph 2 of this Stipulation for Protective Order, the party seeking protection shall affix to the documents, by stamp or otherwise, a clear statement that the material is "Confidential".

(b) In case of pleadings or other papers or writings, by advising the other party in writing, of the portions deemed to be confidential.

(c) In the case of information retained or maintained in a computerized or other machine readable form which has not been transcribed into a printed form, the party seeking protection shall notify the other party of the type or category of such information which is subject to this Stipulation for Protective Order.

(d) In the case of transcribed hearings, transcribed files, deposition testimony or affidavit, by advising the other party in writing of the witness whose testimony is to be deemed confidential.

5. If a party determines that confidential documents or things of any description to be furnished or to be produced or made a part of any pleadings or other papers to be filed, or any

briefs, testimony, affidavits and/or evidence to be offered contains information which the party believes are also proprietary in nature pursuant to Paragraph 2 of this Stipulation for Protective Order, the party requesting protection shall designate such document, pleading, brief, testimony, affidavit and/or evidence as "Attorneys' Eyes Only" in the following manner:

   (a)   In the case of confidential documents and written materials as described in Paragraph 2 of this Stipulation for Protective Order, the party seeking protection shall affix to the documents, by stamp or otherwise, a clear statement that the material is "Attorneys' Eyes Only".

   (b)   In the case of pleadings and other papers or writings, by advising the other party in writing of the portions deemed "Attorneys' Eyes Only."

   (c)   In the case of information retained or maintained in a computerized or other machine readable form which has not been transcribed into printed form, the party seeking protection shall notify the other party of the type or category of such information which is "Attorneys' Eyes Only".

   (d)   In the case of transcribed hearings, transcribed files, deposition testimony or affidavit, by advising the other party in writing of the witness whose testimony is deemed to be "Attorneys' Eyes Only".

6.   Documents, things, testimony, pleadings, various matters and information designated by any party to this action as "Confidential" pursuant to Paragraph 4 of this Stipulation for Protective Order:

   (a)   Shall be used only for the purpose of this litigation and may not be used for any purpose outside the reasonable conduct of this case.

(b) Shall not be disclosed to anyone other than the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, court reporters who record depositions or other testimony, witnesses, deponents, consultants and/or expert witnesses. No disclosure of "Confidential" information of one party shall be made by the other party to any witnesses, deponents, consultants and/or expert witnesses without first identifying such person to the party whose "Confidential" information is to be disclosed and giving said party an opportunity to object to such disclosure to such person. Any objection must be made within three (3) days of receipt of the identification of such person. If the parties cannot resolve any such objection within five (5) days thereafter, it shall be the obligation of the party opposing such disclosure to apply to the Court for a protective order to resolve the issue of disclosure to such person. Until an agreement is reached or Court order is obtained, there will be no disclosures made to any such person.

(c) If any party or attorney shall disclose "Confidential" material(s) or information to his or her employee, consultant, expert witness, deponent or witness, it is the obligation of the disclosing party to provide such person with a copy of this Stipulation for Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto as Exhibit A) whereby such person agrees to be bound by the terms of the Stipulation for Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce same to counsel for the non-disclosing party.

(d) If a person to whom disclosure is permitted under this Stipulation for Protective Order is a nonparty consultant, expert witness, deponent or witness who is not

bound by the terms hereof and refuses to sign a Confidentiality Agreement, then no disclosure shall be made to such person absent an appropriate Court order. It is the intent of the parties hereto that documents designated as "Confidential" not be used for any purpose outside the reasonable conduct of this case.

7. Documents, things, testimony, pleadings, various matters and information designated by any party to this action as "Attorneys' Eyes Only" pursuant to Paragraph 5 of this Stipulation for Protective Order:

    (a) Shall be used only for the purpose of this litigation and may not be used for any other purpose outside the reasonable conduct of this case.

    (b) Shall not be disclosed to anyone other than the attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, court reporters who record depositions or any other testimony, non-party consultants and non-party expert witnesses and shall not be disclosed to the other party or its directors, officers, employees, agents or representatives. No disclosure of "Attorneys' Eyes Only" information of one party shall be made by the other party to any non-party consultants and/or non-party expert witnesses without first identifying such person to the party whose "Attorneys' Eyes Only" information is to be disclosed and giving said party an opportunity to object to such disclosure to such person. Any objection must be made within three (3) days of receipt of the identification of such person. If the parties cannot agree as to any such objection within five (5) days thereafter, it shall be the obligation of the party objecting to such disclosure to apply to the Court for a protective order to resolve the issue of disclosure to such person. Until an agreement is reached or a Court order is obtained, no disclosure shall be made to any such person.

(c) If any attorney shall disclose "Attorneys Eyes' Only" material(s) or information to his or her employee, non-party consultant or non-party expert witness, it is the obligation of the disclosing attorney to provide such person with a copy of the Stipulation for Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto) whereby such person agrees to be bound by the terms of this Stipulation for Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party.

(d) If any person to whom disclosure is permitted under this Stipulation for Protective Order is a non-party consultant or non-party expert witness who is not bound by the terms hereof and who refuses to sign a Confidentiality Agreement, then no such disclosure shall be made to any such person absent an appropriate Court Order. It is the intent of the parties hereto that documents designed as "Attorneys' Eyes Only" not be used for any purpose outside the reasonable conduct of this case.

8. All information which has been disclosed and designated as "Confidential" or "Attorneys' Eyes Only" by any part of this Stipulation for Protective Order, or quotations or paraphrases thereof which are to be included in papers filed with or otherwise disclosed to the Court, shall be submitted to the Court in a sealed envelope containing the following legend:

CONFIDENTIAL
This envelope contains CONFIDENTIAL INFORMATION
OR DOCUMENTS and is not to be opened,
nor the contents disclosed or revealed,
except by the Court or by Order thereof.

9. This Stipulation for Protective Order may be modified by the Court at any time on its own motion. The Court may also impose sanctions or find in contempt any party or person

bound by this Stipulation for Protective Order found in violation of the terms of this Stipulation for Protective Order.

10. Within thirty (30) days after the final determination of this action, each party to the litigation and its attorneys shall assemble and return to the producing party or parties the originals and all copies of documents produced in discovery designated by the producing party as "Confidential" or "Attorneys' Eyes Only" except that the attorneys of record in this litigation may keep one copy of such documents in their possession for archival record purposes. All such materials as well as all other materials, memoranda, or documents embodying materials and documents constituting "Confidential" or "Attorneys' Eyes Only" information not returned shall continue to be held subject to the terms of this Stipulation for Protective Order.

11. This Stipulation for Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns.

Dated this 7th day of November, 2008.

CIRCLR R, INC. and THURSTON
MANUFACTURING COMPANY, Plaintiffs

By: _____
Kristine M. Boylan
Elizabeth A. Zidones
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
kboylan@merchantgould.com
ezidones@merchantgould.com

Ryan T. Grace
MERCHANT & GOULD P.C.
222 South 15th Street, Suite 240
Omaha, NE 68102
rgrace@merchantgould.com

KEVIN ROGERS, RALPH ROGERS,
CIRCLE R FRAME ALIGNERS, INC. and
ASSOCIATED SIDE DUMP
DEVELOPMENT, INC. d/b/a SIDE DUMP
INDUSTRIES, Defendants

By: _____
John P. Passarelli #16018
Patrick C. Stephenson #19138
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
john.passarelli@kutakrock.com
patrick.stephenson@kutakrock.com

IT IS SO ORDERED.

DONE AND DATED this 7th day of November, 2008.

_____
United States Magistrate Judge

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he (she) has read the Stipulation for Protective Order dated November 7, 2008 entered by the United States District Court for the District of Nebraska in the action entitled *Circle R, Inc. and Thurston Manufacturing Company v. Kevin Rogers, Ralph Rogers, Circle R. Frame Aligners, Inc. and Associated Side Dump Development, Inc. d/b/a Side Dump Industries*, Case No. 8:08-cv-337, that he (she) understands the terms thereof, and that he (she) agrees to be bound by such terms.

Dated this _____ day of _____, 2008.

_____
Signature

_____
Printed Name

4816-5867-9043.1